

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. C. Hamilton
County Auditor
Ector County
Odessa, Texas

Dear Sir:

Opinion No. 0-1426
Re: Fees of the sheriff - tax assessor
collector and related questions.

Your request for our opinion on the questions
as are herein stated has been received by this depart-
ment.

We re-state your questions as follows:

"1. Where the office of sheriff is com-
bined with the office of tax assessor-collector
what amount is allowed as the maximum fee?

"2. How many deputies is the sheriff -
tax assessor-collector entitled to and what
is the maximum salary for such deputies?

"3. Is the sheriff - tax assessor-collector
entitled to be paid by the county any amount
for mileage, and if so, how much?"

We are informed by the Comptroller's office
that Ector County has a population of three thousand nine
hundred and fifty-eight inhabitants according to the last
Federal census, a tax valuation of twenty-three million
eight hundred and fifty-two thousand and four hundred
($23,852,400) dollars for the year 1939 and that the county
officials of Ector County are compensated on a fee basis.

Your first question is answered by our opinion
No. 0-1051, holding that three thousand ($3,000.00) dollars
is the maximum fee allowed by statute to the sheriff who
performs the duty of assessor and collector of taxes in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

counties having the population of less than ten thousand inhabitants.

We enclose a copy of the above mentioned opinion for your convenience.

Opinion No. O-91, written by Hon. Cecil C. Rotsch, Assistant Attorney General, addressed to Merritt F. Hines, County Attorney, Midland, Texas, holds in effect that in counties having a population of less ten thousand inhabitants the sheriff and assessor-collector of taxes is entitled, under Article 3902, to only one chief deputy at a salary not exceeding eighteen hundred ($1,800.00) dollars per annum.

Article 3902, Revised Civil Statutes, reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties, he shall apply to the county commissioners' court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitation herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the commissioners' court or any member thereof attempt to influence the appoint of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount

Hon. J. C. Hamilton, Page 3

hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed eighteen hundred ($1800.00) dollars per annum; other assistants, deputies or clerks not to exceed fifteen hundred ($1500.00) dollars per annum each...."

In answer to your second question, you are respectfully advised that it is the opinion of this department that the commissioners' court shall determine the number of deputies to be appointed as in the discretion of the court may be proper and fix the compensation to be paid such deputies within the limitations provided by statute. Under the statute the commissioners' court may appoint one chief deputy to the sheriff - tax assessor-collector and fix his salary at a sum not to exceed eighteen hundred dollars per annum and the salaries of the other deputies of the sheriff - tax assessor-collector shall not exceed fifteen hundred dollars per annum each.

We are unable to find any statute authorizing the county to pay any amount for mileage to the sheriff - assessor-collector of taxes who is compensated on a fee basis. Therefore, you are advised that the sheriff - assessor-collector of taxes is not entitled to be paid by the county any amount for mileage.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED SEP 30, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN